Defendant Department of Revenue (the department) did not participate.
 I. INTRODUCTION
This matter comes before the court after trial. Plaintiffs Wayne L. and Myrna L. Simmons (taxpayers), representing themselves, and Intervenor Polk County (the county), represented by David Doyle, attorney at law, submitted trial briefs. Defendant Department of Revenue (the department) did not participate.
 II. FACTS
The parties have stipulated to the following facts. Taxpayers own real property, identified in the county's records as Account 271321, Tax Lot 7318D-1400, which consists of 0.89 acres at the northwest corner of Orchard Heights Road and Grice Hill Road in West Salem. The land is zoned suburban residential and is a not in an exclusive farm use (EFU) zone. Polk county is a nonmarginal lands county.
The main improvement to the property is an 8,000 square foot building containing a prune dryer, which is used for the drying of fruit. The parties agree that it is a normal farming practice to have a prune dryer such as taxpayers' on a farm that raises prunes. All further processing of the fruit, such as pitting, adding chocolate coating, making syrups and jams, and packaging for retail sale is not done on the property.
The county disqualified the property from special assessment for the 2006-07 tax year. Taxpayers appealed to the Magistrate Division, which upheld the county's disqualification. Taxpayers then filed this appeal.
 III. ISSUE Does taxpayers' property qualify for farm use special assessment? *Page 415 
 IV. ANALYSIS
ORS chapter 308A governs special assessment for qualifying farm uses. ORS 308A.068(1)[1] provides as follows:
 "Any land that is not within an exclusive farm use zone but that is being used, and has been used for the preceding two years, exclusively for farm use
shall qualify for farm use special assessment:
 "(a) If the land meets the income requirements set forth in ORS 308A.071; and
 "(b) Upon compliance with the application requirements set forth in ORS 308A.077."
(Emphasis added.) The county concedes in its trial brief that the requirements of paragraphs (a) and (b) have been met. In addition, there is no dispute that taxpayers have been using the property in the same manner for many years. The only question is whether taxpayers' use of the property qualifies as a farm use under the statute.
ORS 308A.056(1) defines farm use as the "current employment of land for the primary purpose of obtaining a profit in money" if the land is used in one or more listed activities. The statute then lists several examples of qualifying activities. The relevant subsection here states that "* * * land under buildings supporting accepted farming practices, including the processing facilities allowed by ORS 215.213(1)(x) and 215.283(1)(u)"[2]
meets the farm use requirement. ORS 308A.056(3)(f). The dispute is centered around whether taxpayers' processing facility is an accepted fanning practice within the meaning ORS 308A.056(3). Specifically, the county argues that it is not a processing facility within the meaning of ORS 215.283(1)(u) and, therefore, is not an accepted farming practice. *Page 416 
ORS 215.283 provides as follows:
 "(1) The following uses may be established in any area zoned for exclusive farm use:
 "* * * * *
 "(u) A facility for the processing of farm crops located on a farm operation that provides at least one-quarter of the farm crops processed at the facility. The building established for the processing facility shall not exceed 10,000 square feet of floor area exclusive of the floor area designated for preparation, storage or other farm use or devote more than 10,000 square feet to the processing activities within another building supporting farm uses. A processing facility shall comply with all applicable siting standards but the standards shall not be applied in a manner that prohibits the siting of the processing facility."
The county argues that the use of taxpayer's property is not a qualifying farm use because it is not located in an EFU zone, although it otherwise fits within the requirements of ORS215.283(1)(u). The county makes a two-step argument in support of its position. First, the county argues that the language of ORS 308A.056(3)(f) — specifically the words "allowed by" — operates to limit qualifying processing facilities to the specific types of processing facilities referred to by the statute, namely those in ORS 215.283. The county then asserts that because ORS 215.283(1) enumerates uses that may be established in an EFU zone, taxpayers' property, which is not in an EFU zone, is not the type of processing facility contemplated by ORS 308A.056. The county concedes that if ORS 308A.056(3)(f) stated "the processing facilities described by * * * ORS 215.283(1)(u)" instead of "the processing facilitiesallowed by * * * ORS 215.283(1)(u)," taxpayer would prevail.
When "interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor andIndustries, 317 Or 606, 610, 859 P2d 1143 (1993). That requires examination of "both the text and context of the statute." Id. The "text of the statutory provision itself * * * is the best evidence of the legislature's intent."Id. Words are to be "given their plain, natural, and ordinary meaning." Id. at *Page 417 
611. "If the legislature's intent is clear" from the text and context, "further inquiry is unnecessary." Id. at 611.
The county's argument fails at its first step. The plain language of ORS 308A.056(3)(f) states that "land under buildings supporting accepted farming practices" is a qualifying farm use. Reference is made to certain processing facilities, but that reference follows the word "including." That is not limiting language. The word "including," a form of "include," means "to place, list, or rate as a part or component of a whole or larger group." Webster's Third New Int'l Dictionary 1143 (unabridged ed 2002). Here, the larger group is "land under buildings supporting accepted farming practices," which is then followed by a list of two examples, "the processing facilities allowed by ORS 215.213(1)(x) and 215.283(1)(u)." A qualifying facility is not limited only to those two types referred to by the statute, but is any facility that supports an accepted farming practice, including, but not limited to, those described in ORS 215.213(1)(x) and ORS 215.283(1)(u). See State v.Haynes, 149 Or App 73, 77, 942 P2d 295 (1997) ("[T]he legislature frequently specifies what a statutory term definitely includes and also provides a general definition of what the term means apart from those things specificallyenumerated." (Emphasis in original.)). Based on the text and context of the statute, the court concludes that reading "including" as nonlimiting is consistent with the legislature's intent to help preserve the operating farms of this state.See ORS 308A.050. That purpose would not be served by the county's interpretation of the statute.[3]
The county has stipulated that the facility in question is part of an accepted farming practice, [4] and that, but for its location outside an EFU zone, ORS 215.283(1)(u) describes the facility. That settles the matter. *Page 418 
The county does not dispute that if its argument fails at its first step, taxpayer's facility would be a qualifying farm use. Accordingly, the court concludes that taxpayer's facility qualifies for special assessment.
 V. CONCLUSION
ORS 308A.056(3) does not operate to exclude land under processing facilities located in non-EFU zones that otherwise meet the requirements of special assessment, including that they support accepted farming practices. Accordingly, the county's disqualification of taxpayers' property from special assessment was improper. Now, therefore,
IT IS DECIDED that Plaintiffs' property qualifies for farm use special assessment for the 2006-07 tax year.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] The only difference between the types of processing facilities described in ORS 215.213(1)(x) and ORS 215.283(1)(u) are that ORS 215.213(1)(x) refers to marginal land counties and ORS 215.283(1)(u) refers to nonmarginal land counties, including the county in this case.
[3] For example, the county's interpretation of the statutes would permit special assessment to EFU land supporting a processing facility that processed farm crops from other farms — ORS 215.283(1)(u) permits up to 75 percent of farm crops processed to come from farms other than that on which the facility is located — but deny the special assessment to facilities located outside an EFU zone that processed only farm crops from the farm on which the facility was located. Nothing in the statutes suggests this is what the legislature had in mind.
[4] The court need not decide if the facility must be in an EFU under ORS 215.283(1)(u) as argued by the county because the county has stipulated that it is a "normal farming practice" to have a prune dehydrator on a prune farm. *Page 419